UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VERNON L. COLLINS                                                                                                   PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:11-cv-00651-CWR-FKB

GOODWILL INDUSTRIES OF MS, INC.                                                                   DEFENDANT

REPORT AND RECOMMENDATION

Plaintiff has filed a complaint alleging that he was terminated in retaliation for having filed an ADEA (Age Discrimination in Employment Act) claim against Defendant. Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2). After a review of the sworn, but undated, financial affidavit submitted by the plaintiff, it is the opinion of the undersigned that Plaintiff is not indigent within the meaning of 28 U.S.C. § 1915 and should not be allowed to proceed in this matter *in forma pauperis*.

Plaintiff and his wife have a monthly income of $1,696.00 and listed monthly expenses of $1,438.00, which include $200.00 per month for clothes and $150.00 per month for entertainment. Section 1915(a)(1) is intended to provide access to federal court for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? Startti v. United States, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly that he and his wife have a monthly income which exceeds their expenses by $258.00 per month, and their monthly expenses include $150.00 of discretionary expenses, the undersigned finds that Plaintiff could pay the filing costs without undue financial hardship. Plaintiff will not be rendered destitute by paying the filing fee as he does have a monthly income sufficient to pay the fee. Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied. Plaintiff shall pay the filing fee in this cause and all of the costs associated with the filing of this lawsuit on or before November 30, 2012. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by November 30, 2012, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of October, 2011.


                    s/F. Keith Ball_____
                    UNITED STATES MAGISTRATE JUDGE